160 F.3d 541
 S.O.C., INC.; Richard Soranno; Hillsboro Enterprises,
Inc., Plaintiffs-Appellants,
and
American Civil Liberties Union, Intervenor-Appellant,
v.
COUNTY OF CLARK; Las Vegas Metro Department; Lorraine
Hunt; Myrna Williams; Erin Kenney; Bruce Woodbury;
Yvonne Atkinson Gates; Lance Malone; Mary Kincaid; Mirage
Casino-hotel, Defendants-Appellees,
and
Nevada Resort Association; Flamingo Hilton Corporation;
The Mirage Casino-hotel; Circus Circus
Enterprises, Inc.; Las Vegas Convention
And Visitors Authority,
Intervenors-Appellees.
 No. 97-15912.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 4, 1998.
 
 1
 Before: GOODWIN and PREGERSON, Circuit Judges, and GONZALEZ, District Judge.*
 
 
 2
 Prior report: 152 F.3d 1136.
 
 
 3
 The opinion filed August 14, 1998, is amended as follows: At slip opinion page 8932 [152 F.3d at 1348], delete footnote 12 and replace it with the following:
 
 
 4
 12. Clark County and the Casino Intervenors rely on the Eleventh Circuit's decision in Sciarrino v. City of Key West, 83 F.3d 364, 366 (11th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 768, 136 L.Ed.2d 714 (1997) (upholding city ordinance "limiting" location of off-premises solicitation as valid under the First Amendment). Key West is easily distinguishable. In Key West, the Eleventh Circuit determined that the regulation reached no further than purely commercial speech. Id. Here, because Ordinance Section 16.12 reaches both pure commercial speech and noncommercial speech inextricably intertwined with commercial speech, Key West 's analysis is inapplicable.
 
 
 5
 For the same reason, our opinion in Destination Ventures, Ltd. v. F.C.C., 46 F.3d 54 (9th Cir.1995), also does not apply. Destination Ventures involved a challenge to a statute regulating unsolicited advertisements sent to fax machines. The statute defined such an advertisement as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4). The statute was challenged on the grounds that it was not a "reasonable fit" with the government's "substantial interest" in preventing advertisement costs from being shifted to consumers. Unlike the Clark County Ordinance before us, the statute in Destination Ventures was not challenged on the ground that it sought to regulate both commercial and noncommercial speech.
 
 
 6
 Furthermore, the restrictions imposed by Clark County Ordinance Section 16.12 on both commercial and noncommercial speech are more extensive than those at issue in Key West. Here, in stark contrast to the Key West Ordinance, the Clark County Ordinance completely bans off-premises canvassing in the tourist sections of the city. As a result, the Clark County Ordinance lacks several of the narrowly-tailored features included in the Key West Ordinance. For example, the Clark County Ordinance fails: (1) to limit the prohibition against canvassing to specific problem areas (instead it imposes a large geographic ban); (2) to limit the number of off-premises canvassers "per-business"; and (3) to set up a permitting system that regulates off-premises canvassing.
 
 
 7
 SO ORDERED.
 
 
 
 *
 The Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation